IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RANDY WILLIAMS, et al.,

   Plaintiffs,

     v.

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA
doing business as
National Union Fire Insurance
Company, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-309-TWT

**OPINION ORDER**

This case is about the marketing and sale of allegedly illusory insurance policies. It is before the Court on the Plaintiffs Randy Williams, Mary Williams, Larry Lake, and Linda Lake's Rule 56(d) Motion [Doc. 182]. For the reasons set forth below, the Plaintiffs' Rule 56(d) Motion [Doc. 182] is DENIED.

**I. Background**

The Defendants National Union Fire Insurance Company of Pittsburgh, PA, HealthExtras, LLC, and Catamaran Health Solutions, LLC, were involved in the

marketing, sale, and administration of disability insurance policies.[1] The Plaintiffs Randy Williams, Mary Williams, Larry Lake, and Linda Lake all enrolled in a disability insurance policy through Catamaran, and paid premiums from 2000 until 2013.[2] The Defendant National Union became the underwriter for the Permanent Disability Benefits on January 1, 2005.[3] The Plaintiffs claim the Defendants' insurance policies were illusory and that the insurance program was illegal under Georgia law. Specifically, they claim that the majority of premiums were not used to cover potential payments owed to insured, so many policy holders were wrongfully denied benefits.[4] On February 3, 2014, the Plaintiffs filed suit against the Defendants, asserting claims for unjust enrichment, breach of the duty of good faith and fair dealing, and violations of the Georgia Racketeer Influenced and Corrupt Organizations ("RICO") Act.

During the discovery period, the Plaintiffs filed a Motion to Compel in which they sought, *inter alia*, "documents showing number of claims made and paid under

---

[1]  Am. Compl. ¶ 19.

[2]  Id. ¶¶ 41, 52.

[3]  Id. ¶ 50.

[4]  Id. ¶¶ 54-56.

the policy forms."[5] The Court granted in part and denied in part the Motion. As a result of the Court's Order, the Defendants agreed to produce spreadsheets that were to include data on the total number of claims made and paid under the insurance scheme from 1999 to the present for all Georgia residents.[6] In addition to the Motion to Compel, the Plaintiffs served the Defendant National Union with a Rule 30(b)(6) Notice of Deposition. The Plaintiffs deposed National Union's representative, Christine Schmitt, on August 14, 2015, and questioned her specifically about the spreadsheets.[7] On August 21, 2015, the Defendants moved for summary judgment. In response to the Defendants' Motions, the Plaintiffs filed the present Rule 56(d) Motion.

## II. Discussion

The Plaintiffs request that the Court delay ruling on the Defendants' Motions for Summary Judgment until they have the opportunity to examine claim files for Permanent Total Disability claims that National Union submits it paid between 2004 and 2014. In support of their Motion, they argue that these files likely contain facts that will demonstrate that the Defendants did not intend to pay a covered claim

---

[5]   Pls.' Mot. to Compel [Doc. 127], at 3.

[6]   Order Granting in Part and Denying in Part the Pls.' Mot. to Compel [Doc. 147], at 5.

[7]   Schmitt Dep., at 37.

without a demand of payment by the insured.[8] Furthermore, the Plaintiffs contend that the discovery produced by the Defendant National Union is inaccurate and insufficient. Specifically, they argue that the spreadsheets produced by National Union contain missing information, and that the corporate designee, Christine Schmitt, who appeared for the Plaintiffs' 30(b)(6) deposition, was not adequately prepared for her deposition.[9] The Defendants contend that the Plaintiffs are not entitled to further discovery because their request is untimely and fails to establish that the claim files are necessary.[10]

Under Federal Rule of Civil Procedure 56(d), if a party opposing summary judgment demonstrates "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[11] This is an appropriate tool when the party opposing the summary judgment motion has been unable to obtain responses to his discovery requests and the discovery is necessary to respond to

---

[8]  Gibson Aff. ¶¶ 34-35.

[9]  Id. ¶¶ 6, 31-33.

[10]  Def. National Union's Resp. Br., at 1-2.

[11]  FED. R. CIV. P. 56(d).

relevant issues presented by the motion for summary judgment.[12] However, "[b]ecause the burden on a party resisting summary judgment is not a heavy one, one must conclusively justify his entitlement to the shelter of [Rule 56(d)] by presenting specific facts explaining the inability to make a substantive response."[13] This is "particularly [true] where . . . ample time and opportunities for discovery have already lapsed."[14]

Here, the Plaintiffs have failed to prove that they are entitled to the protections of Rule 56(d). First, the Plaintiffs did not exercise due diligence in requesting the claim files. The discovery period ended on June 30, 2015, and yet, the Plaintiffs did not request any of the claim files until July 27, 2015. Second, the Plaintiffs have not demonstrated how the claim files are necessary to respond the Defendants' Motions for Summary Judgment. The Plaintiffs' Rule 56(d) Motion rests on the notion that the claim files will determine whether the Defendant National Union paid any claims without a demand for payment or litigation. But this assertion fails to show how the files will provide necessary information beyond what the Plaintiffs have already

---

[12]  Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988).

[13]  S.E.C. v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir. 1980) (citation omitted).

[14]  Id.

obtained through discovery. The Defendants have already provided the Plaintiffs with spreadsheets listing all the claims that National Union has paid between 2004 and 2014.[15] Moreover, the Plaintiffs had the opportunity to depose the Defendants' 30(b)(6) witness, and at the deposition, the Plaintiffs questioned the witness with regard to the spreadsheets. Importantly, the witness answered questions concerning whether the Defendant National Union paid any claims without an attorney demand.[16] Thus, the Plaintiffs have failed to satisfy their Rule 56(d) burden requiring them to demonstrate that they "cannot present facts essential to justify [their] opposition."[17]

Finally, the Defendant Catamaran argues that the Plaintiffs lack standing because they have "never suffered a covered loss and, therefore, never had occasion to submit a claim for any of the benefits available to them as Program members."[18] However, as the Court noted in its previous Order granting in part and denying in part the Plaintiffs' Motion to Compel, it is undisputed that the Plaintiffs paid premiums for the insurance and that they contend few, if any, legitimate claims for disability were

---

[15] Def. National Union's Resp. Br., Ex. F.

[16] Schmitt Dep., at 37, 41, 43.

[17] FED. R. CIV. P. 56(d).

[18] Def. Catamaran Health Solutions, LLC's Resp. Br., at 6.

ever paid, making the insurance illusory.[19] For the purposes of resolving this Motion, these allegations are sufficient to confer standing.

### III. Conclusion

For these reasons, the Court DENIES the Plaintiffs' Rule 56(d) Motion [Doc. 182].

SO ORDERED, this 1 day of December, 2015.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[19] Order Granting in Part and Denying in Part Pls.' Mot. to Compel [Doc. 147], at 2-3.